In the Matter of MELVYN N. THALER, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 6, 1975.

*John G. Bonomi* of counsel (*Oscar J. Cohen* with him on the brief), for petitioner.

No one appearing on behalf of respondent.

*Per Curiam.* Respondent was admitted to practice in the First Judicial Department on October 22, 1957.

He is presently charged with converting to his own personal use funds in excess of $12,000. This property belonged to the estate of the respondent's aunt and he was the executor of that estate.

Respondent filed no answer to the charge and did not appear to defend himself before the Referee. We construe this inaction as an admission of the charges and an indifference to the consequences of an adverse determination (*Matter of Nicotina,* 37 A D 2d 300, 301; *Matter of Schner,* 5 A D 2d 599, 600).

Respondent's present malfeasance is exacerbated by the fact that he was under suspension by this court for a period of three years, which punishment resulted from previous charges leveled against him (*Matter of Thaler,* 30 A D 2d 166).

We then considered the mitigating circumstances of financial distress and apparent contrition on the part of respondent at that time and did not impose the otherwise deserved punishment of disbarment (*Matter of Thaler,* 30 A D 2d 166, 168).

However, this present grievous lapse on the part of the respondent, coupled with his past actions, unequivocally demon-

strates his lack of moral fitness to continue as a member of the legal profession. He should be disbarred (*Matter of Liesner*, 43 A D 2d 223; *Matter of Turk*, 25 A D 2d 255).

MURPHY, J. P., LUPIANO, TILZER, CAPOZZOLI and LANE, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York, effective March 6, 1975.